# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RICARDO MCCLURE,** | : | Civil No. 3:20-cv-2142 |
| Petitioner, | : | |
| v. | : | **(Magistrate Judge Carlson)** |
| **COMMONWEALTH OF PENNSYLVANIA, et al.,** | : | |
| Respondents. | : | |

## MEMORANDUM OPINION

### I.    Introduction

A central tenet of federal habeas corpus practice for state prisoners is the requirement that state inmates seeking habeas corpus relief must exhaust their state remedies before proceeding to federal court. This exhaustion requirement is rooted in considerations of federalism and comity, and is specifically mandated by statute. Further, state court exhaustion is an essential part of the design of the habeas corpus statute, 28 U.S.C. § 2254, since we are expressly enjoined to evaluate the legal conclusions and factual findings of the state courts when assessing a state prisoner's habeas corpus petition. Given the pivotal role that this state court exhaustion requirement plays in this legal arena, under federal law unexhausted petitions are subject to dismissal.

So it is here.

Ricardo McClure has filed a habeas corpus petition which seeks to challenge his guilty plea conviction on state murder charges on a series of grounds, none of which have been presented to the state courts for their consideration. After review of the record, we find that McClure's current claims have not been exhausted in the state court system. Therefore, these claims may not be considered by us in the first instance. Accordingly, we will deny this petition without prejudice to McClure first pursuing these claims in state court, as he is required to do by statute.

## II.     Statement of Facts and of the Case

The factual background of this case was aptly summarized by the Pennsylvania Superior Court when it affirmed the denial of McClure's state petition for post-conviction relief. At that time, the Superior Court explained that:

> On December 10, 2018, McClure, then eighteen years of age, entered an open guilty plea to second-degree murder, robbery, and criminal conspiracy. These charges stem from an incident that occurred on or about August 16, 2017, at which time McClure, then sixteen years of age, and two co-defendants agreed to meet with the victim who was going to supply them with an ounce of marijuana in exchange for $230.00. McClure and his co-defendants did not have the money for the drugs, and they conspired to rob the victim. At some point during the exchange one of McClure's co-defendants shot the victim, who died as a result of his injuries. On February 6, 2019, the trial court sentenced McClure, on his second-degree murder conviction, to 35 years to life in prison. The trial court imposed concurrent sentences for the other charges. The trial court denied McClure's motion to reconsider sentence. McClure did not file a direct appeal.

Commonwealth v. McClure, 237 A.3d 1054 (Pa. Super. Ct. 2020).

By pleading guilty and forgoing a direct appeal, McClure effectively waived many opportunities to challenge his conviction and sentence. Nonetheless, on July 15, 2019, McClure filed a petition seeking post-conviction relief under Pennsylvania's Post-Conviction Relief Act (PCRA). In this PCRA petition, McClure raised a single, specific allegation: "he claimed that plea counsel was ineffective for failing to advise him that he was facing a mandatory thirty-year sentence by pleading guilty to second-degree murder." Id. at 1054. Citing the plea colloquy in which McClure specifically stated under oath that he was aware of this statutory penalty, the state trial court denied this petition, and McClure appealed.

On appeal to the Pennsylvania Superior Court, McClure once again advanced a single narrow legal issue, namely:

> The [PCRA] court did not hold an evidentiary hearing on McClure's PCRA petition, where his attorney was ineffective in advising him as to the required mandatory minimum sentence and his attorney was ineffective for failing to request to withdraw his plea. Did the [PCRA] court err in not holding an evidentiary hearing and finding McClure's [plea counsel] ineffective?

Id. at 1054.

On June 12, 2020, the Superior Court issued a decision affirming the denial of McClure's narrowly focused PCRA petition without a hearing, holding that the decision to forego a hearing was appropriate in this case where McClure's guilty plea admissions thoroughly rebutted his assertion that he was unaware of the 30-year mandatory penalty for second degree murder. Id.

3

Having exhausted this singular claim in state court, McClure filed the instant federal habeas corpus petition. (Doc. 1). In this petition, McClure advances four new claims, none of which have been presented to, or considered by, the state courts. Specifically, McClure alleges: (1) that the Commonwealth failed to provide his defense counsel with discovery materials; (2) that defense counsel was ineffective in failing to request discovery; (3) that the Commonwealth relied upon false and recanted evidence to prosecute him; and (4) that the Commonwealth improperly relied upon hearsay evidence in his prosecution. (Doc. 1). Given that none of these legal issues had previously been presented to the state courts for their consideration, the Commonwealth has filed a partial response to this petition which seeks to have the petition dismissed as unexhausted. (Doc. 6). This matter is fully briefed and is, therefore, ripe for resolution.

Finding that these claims are wholly unexhausted, for the reasons set forth below we are compelled to dismiss this petition without prejudice to its renewal when, and if, McClure fully exhausts these legal claims.

### III. Discussion

#### A. State Prisoner Habeas Relief–The Legal Standard.

##### (1) Substantive Standards

In order to obtain federal habeas corpus relief, a state prisoner seeking to invoke the power of this Court to issue a writ of habeas corpus must satisfy the standards prescribed by 28 U.S.C. § 2254, which provides in part as follows:

> (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.
>
> (b) (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
> (A) the applicant has exhausted the remedies available in the courts of the State;
> ..........
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

28 U.S.C. § 2254(a) and (b).

As this statutory text implies, state prisoners must meet exacting substantive and procedural benchmarks in order to obtain habeas corpus relief. At the outset, a petition must satisfy exacting substantive standards to warrant relief. Federal courts may "entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in

custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). By limiting habeas relief to state conduct which violates "the Constitution or laws or treaties of the United States," § 2254 places a high threshold on the courts. Typically, habeas relief will only be granted to state prisoners in those instances where the conduct of state proceedings led to a "fundamental defect which inherently results in a complete miscarriage of justice" or was completely inconsistent with rudimentary demands of fair procedure. See e.g., Reed v. Farley, 512 U.S. 339, 354 (1994). Thus, claimed violations of state law, standing alone, will not entitle a petitioner to § 2254 relief, absent a showing that those violations are so great as to be of a constitutional dimension. See Priester v. Vaughan, 382 F.3d 394, 401–02 (3d Cir. 2004).

### (2) Deference Owed to State Courts

These same principles which inform the standard of review in habeas petitions and limit habeas relief to errors of a constitutional dimension also call upon federal courts to give an appropriate degree of deference to the factual findings and legal rulings made by the state courts in the course of state criminal proceedings. There are two critical components to this deference mandated by 28 U.S.C. § 2254.

First, with respect to legal rulings by state courts, under § 2254(d), habeas relief is not available to a petitioner for any claim that has been adjudicated on its merits in the state courts unless it can be shown that the decision was either: (1)

"contrary to" or involved an unreasonable application of clearly established case law; see 28 U.S.C. § 2254(d)(l); or (2) was "based upon an unreasonable determination of the facts," see 28 U.S.C. § 2254(d)(2). Applying this deferential standard of review, federal courts frequently decline invitations by habeas petitioners to substitute their legal judgments for the considered views of the state trial and appellate courts. See Rice v. Collins, 546 U.S. 333, 338–39 (2006); see also Warren v. Kyler, 422 F.3d 132, 139–40 (3d Cir. 2006); Gattis v. Snyder, 278 F.3d 222, 228 (3d Cir. 2002).

In addition, § 2254(e) provides that the determination of a factual issue by a state court is presumed to be correct unless the petitioner can show by clear and convincing evidence that this factual finding was erroneous. See 28 U.S.C. § 2254(e)(1). This presumption in favor of the correctness of state court factual findings has been extended to a host of factual findings made in the course of criminal proceedings. See, e.g., Maggio v. Fulford, 462 U.S. 111, 117 (1983) (per curiam); Demosthenes v. Baal, 495 U.S. 731, 734–35 (1990). This principle applies to state court factual findings made both by the trial court and state appellate courts. Rolan v. Vaughn, 445 F.3d 671 (3d Cir.2006). Thus, we may not re-assess credibility determinations made by the state courts, and we must give equal deference to both the explicit and implicit factual findings made by the state courts. Weeks v. Snyder,

219 F.3d 245, 258 (3d Cir. 2000). Accordingly, in a case such as this, where a state court judgment rests upon factual findings, it is well-settled that:

> A state court decision based on a factual determination, ..., will not be overturned on factual grounds unless it was objectively unreasonable in light of the evidence presented in the state proceeding. Miller–El v. Cockrell, 537 U.S. 322, 123 S. Ct. 1029, 154 L.Ed.2d 931 (2003). We must presume that the state court's determination of factual issues was correct, and the petitioner bears the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); Campbell v. Vaughn, 209 F.3d 280, 285 (3d Cir.2000).

Rico v. Leftridge–Byrd, 340 F.3d 178, 181 (3d Cir. 2003). Applying this standard of review, federal courts may only grant habeas relief whenever "[o]ur reading of the PCRA court records convinces us that the Superior Court made an unreasonable finding of fact." Rolan, 445 F.3d at 681.

### (3) Procedural Benchmarks – Exhaustion and Procedural Default

#### a. Exhaustion of State Remedies

State prisoners seeking relief under section 2254 must also satisfy specific procedural standards. Among these procedural prerequisites is a requirement that the petitioner "has exhausted the remedies available in the courts of the State" before seeking relief in federal court. 28 U.S.C. § 2254(b). In instances where a state prisoner has failed to exhaust the legal remedies available to him in the state courts, federal courts typically will refuse to entertain a petition for habeas corpus. Whitney v. Horn, 280 F.3d 240, 250 (3d Cir. 2002).

This statutory exhaustion requirement is rooted in principles of comity and reflects the fundamental idea that the state should be given the initial opportunity to pass upon and correct alleged violations of the petitioner's constitutional rights. O'Sullivan v. Boerckel, 526 U.S. 838, 844 (1999). The Supreme Court has explained that "a rigorously enforced total exhaustion rule" is necessary in our dual system of government to prevent a federal district court from upsetting a state court decision without first providing the state courts the opportunity to correct a constitutional violation. Rose v. Lundy, 455 U.S. 509, 518 (1982). Requiring exhaustion of claims in state court also promotes the important goal of ensuring that a complete factual record is created to aid a federal court in its review of § 2254 petitions. Walker v. Vaughn, 53 F.3d 609, 614 (3d Cir. 1995). A petitioner seeking to invoke the writ of habeas corpus, therefore, bears the burden of showing that all of the claims alleged have been "fairly presented" to the state courts, and the claims brought in federal court must be the "substantial equivalent" of those presented to the state courts. Evans v. Court of Common Pleas, 959 F.2d 1227, 1231 (3d Cir. 1992); Santana v. Fenton, 685 F.2d 71, 73-74 (3d Cir. 1982). A petitioner cannot avoid this responsibility merely by suggesting that he is unlikely to succeed in obtaining state relief, since it is well-settled that a claim of "likely futility on the merits does not excuse failure to exhaust a claim in state court." Parker v. Kelchner, 429 F.3d 58, 63 (3d Cir. 2005).

Although this exhaustion requirement compels petitioners to have previously given the state courts a fair "opportunity to apply controlling legal principles to the facts bearing upon [the petitioner's] constitutional claim," Picard v. Connor, 404 U.S. 270, 276 (1971), this requirement is to be applied in a commonsense fashion. Thus, the exhaustion requirement is met when a petitioner submits the gist of his federal complaint to the state courts for consideration, without the necessity that the petitioner engage in some "talismanic" recitation of specific constitutional clams. Evans, 959 F.2d at 1230-33. Similarly, a petitioner meets his obligation by fairly presenting a claim to state courts, even if the state courts decline to address that claim. Dye v. Hofbauer, 546 U.S. 1 (2005) (per curiam); Johnson v. Pinchak, 392 F.3d 551, 556 (3d Cir. 2004).

### b. Procedural Default

A necessary corollary of this exhaustion requirement is the procedural default doctrine, which applies in habeas corpus cases. Certain habeas claims, while not exhausted in state court, may also be incapable of exhaustion in the state legal system by the time a petitioner files a federal habeas petition because state procedural rules bar further review of the claim. In such instances:

> In order for a claim to be exhausted, it must be "fairly presented" to the state courts "by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 844-45, 119 S. Ct. 1728, 144 L.Ed.2d 1 (1999). If a claim has not been fairly

> presented to the state courts and it is still possible for the claim to be raised in the state courts, the claim is unexhausted . . . .
>
> If a claim has not been fairly presented to the state courts but state law clearly forecloses review, exhaustion is excused, but the doctrine of procedural default may come into play. A procedural default occurs when a prisoner's federal claim is barred from consideration in the state courts by an "independent and adequate" state procedural rule. Federal courts may not consider the merits of a procedurally defaulted claim unless the default and actual "prejudice" as a result of the alleged violation of the federal law or unless the applicant demonstrates that failure to consider the claim will result in a fundamental "miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750, 111 S. Ct. 2546, 115 L.Ed.2d 640 (1991).

Carpenter v. Vaughn, 296 F.3d 138, 146 (3d Cir. 2002).

"[A] federal court will ordinarily not entertain a procedurally defaulted constitutional claim in a petition for habeas corpus '[o]ut of respect for finality, comity, and the orderly administration of justice.' This is a reflection of the rule that 'federal courts will not disturb state court judgments based on adequate and independent state law procedural ground.'" Hubbard v. Pinchak, 378 F.3d 333, 338 (3d Cir. 2004) (citations omitted). Given these concerns of comity, the exceptions to the procedural default rule, while well-recognized, are narrowly defined. Thus, for purposes of excusing a procedural default of a state prisoner seeking federal habeas relief, "[t]he Supreme Court has delineated what constitutes 'cause' for the procedural default: the petitioner must 'show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule.'"

11

Werts v. Vaughn, 228 F.3d 178, 192-93 (3d Cir. 2000) (citations omitted). Similarly, when examining the second component of this "cause and prejudice" exception to the procedural default rule, it is clear that:

> With regard to the prejudice requirement, the habeas petitioner must prove "'not merely that the errors at … trial created the possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" This standard essentially requires the petitioner to show he was denied "fundamental fairness" at trial. In the context of an ineffective assistance claim, we have stated that prejudice occurs where "there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different."

Id. at 193 (citations omitted).

Likewise, the "miscarriage of justice" exception to this procedural bar rule is also narrowly tailored, and requires a credible assertion of actual innocence to justify a petitioner's failure to comply with state procedural rules. Hubbard, 378 F.3d at 338.

Procedural bar claims typically arise in one of two factual contexts. First, in many instances, the procedural bar doctrine is asserted because an express state court ruling in prior litigation denying consideration of a habeas petitioner's state claims on some state procedural ground. In such a situation, courts have held that:

> A habeas claim has been procedurally defaulted when "a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement." Coleman v. Thompson,

> 501 U.S. 722, 730, 111 S. Ct. 2546, 115 L.Ed.2d 640 (1991). For a federal habeas claim to be barred by procedural default, however, the state rule must have been announced prior to its application in the petitioner's case and must have been "firmly established and regularly followed." Ford v. Georgia, 498 U.S. 411, 423-24, 111 S. Ct. 850, 112 L.Ed.2d 935 (1991). Whether the rule was firmly established and regularly followed is determined as of the date the default occurred, not the date the state court relied on it, Doctor v. Walters, 96 F.3d 675, 684 (3d Cir. 1996), because a petitioner is entitled to notice of how to present a claim in state court, Ford, 498 U.S. at 423-424, 111 S. Ct. 850, 112 L.Ed.2d 935.

Taylor v. Horn, 504 F.3d 416, 427-28 (3d Cir. 2007).

In other instances, the procedural default arises, not because of an express state court ruling, but as a consequence of a tactical choice by a habeas petitioner, who elects to waive or forego a claim in the course of his state proceedings, and thus fails to fully exhaust the claim within the time limits prescribed by state statute or procedural rules. In such instances the petitioner's tactical choices in state court litigation also yield procedural defaults and waivers of claims federally. See, e.g., Johnson v. Pinchak, 392 F.3d 551 (3d Cir. 2004) (procedural default where petitioner failed to timely pursue state claim); Hull v. Freeman, 991 F.2d 86 (3d Cir. 1993) (same). Accordingly, a petitioner's strategic choices in state court waiving or abandoning state claims may act as a procedural bar to federal consideration of his claims, unless the petitioner can show either "cause and prejudice" or demonstrate a "fundamental miscarriage of justice."

It is against these legal benchmarks that we assess McClure's petition.

### B. This Petition Will Be Denied Without Prejudice as Unexhausted.

In this federal habeas petition, McClure raises four grounds for habeas relief, asserting that: (1) the Commonwealth failed to provide his defense counsel with discovery materials; (2) defense counsel was ineffective in failing to request discovery; (3) the Commonwealth relied upon false and recanted evidence to prosecute him; and (4) the Commonwealth improperly relied upon hearsay evidence in his prosecution. (Doc. 1). Yet it is evident that none of these legal claims have been presented to, or considered by, the state courts. Thus, McClure presents us with the paradigm of an unexhausted habeas corpus petition.

The failure to exhaust these claims is now fatal to this petition. At the outset, it is well settled that a petitioner must present his claims to the state courts for a full round of appellate review, meaning to both the Pennsylvania Superior Court and the Pennsylvania Supreme Court. See O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999); Lines v. Larkin, 208 F.3d 153, 160 (3d Cir. 2000); Blasi v. Atty. Gen. of Pa., 30 F.Supp.2d 481, 486 (M.D. Pa. 1998). However, in light of the Pennsylvania Supreme Court's Order No. 218, which expressly allows petitioners to forego state Supreme Court review of legal claims exhausted in the Superior Court, it has been held that "Order No. 218 renders review from the Pennsylvania Supreme Court 'unavailable' for purposes of exhausting state court remedies under § 2254(c)." Lambert v. Blackwell, 387 F.3d 210, 233 (3d Cir. 2004).

In the instant case, McClure's failure to comply with this basic exhaustion requirement is fatal to his current petition and compels dismissal of that petition. Nor can McClure cure this procedural shortcoming by alleging that his PCRA counsel was ineffective for failing to raise these claims in his state post-conviction proceedings. On this score, as a general rule, Section 2254 states that "[t]he ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." 28 U.S.C. § 2254(i). Further, the Supreme Court has stated that "[t]here is no constitutional right to an attorney in state post-conviction proceedings," and consequently "a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings." Coleman v. Thompson, 501 U.S. 722, 752 (1991) (citing Pennsylvania v. Finley, 481 U.S. 551 (1987) and Wainwright v. Torna, 455 U.S. 586 (1982)); see also Holman v. Gillis, 58 F. Supp. 2d 587, 597 (E.D. Pa. 1999) (stating that "a claim of ineffective assistance of PCRA counsel is not cognizable in a federal habeas corpus petition because the right to effective assistance of PCRA counsel exists pursuant to state law, and is not mandated by the Constitution or laws or treaties of the United States").

Thus, under the Coleman standard, McClure has no cognizable free-standing legal claim that his PCRA counsel was ineffective. Likewise McClure cannot bring this petition within the narrow exception to the exhaustion requirement announced

by the Supreme Court of the United States in <u>Martinez v. Ryan</u>, 566 U.S. 1 (2012). The Supreme Court in <u>Martinez</u> held:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

<u>Martinez</u>, 566 U.S. at 17.

The <u>Martinez</u> exception is narrow in that it provides a petitioner with a method to establish "cause" for a procedural default on some legal claim. <u>Id.</u> It does not, however, allow a petitioner to rely on the ineffectiveness of post-conviction counsel as a ground for relief, as that is precluded by § 2254(i). <u>Id.</u> Thus, to the extent that petitioner seeks relief on the ground that his PCRA counsel was ineffective, such relief should be denied.

To the extent petitioner seeks to use PCRA counsel's alleged ineffectiveness as "cause" to excuse procedural default of his unexhausted ineffective assistance claims, he has not met his burden of proof or persuasion. Under <u>Martinez</u>, the failure to raise a claim in a PCRA petition is excused only if counsel rendered ineffective assistance in developing, or failing to develop, the claim. <u>Martinez</u>, 566 U.S. at 21-22. Additionally, the claim of ineffective assistance of trial counsel that was not raised must be a substantial one—that is, it must have some merit. <u>Id.</u> at 14. This is a very high standard, as counsel is "strongly presumed to have rendered adequate

16

assistance and made all significant decisions in the exercise of reasonable professional judgment." Burt v. Titlow, 134 S. Ct. 10, 17 (2013) (quoting Strickland v. Washington, 466 U.S. 668, 690 (1984)). Further:

> The Martinez framework applies only to "substantial claims" of trial counsel's own ineffectiveness. A claim that trial counsel was ineffective will be deemed to be substantial under this test if the petitioner shows that "the claim has some merit," as would be required for the issuance of a certificate of appealability from an unfavorable decision. Cox, 757 F.3d at 119.

Hansen v. Clark, No. 4:16-CV-2223, 2019 WL 3782152, at *14 (M.D. Pa. July 15, 2019), report and recommendation adopted, No. 4:16-CV-02223, 2019 WL 3776960 (M.D. Pa. Aug. 12, 2019).

In this case, we cannot conclude that the claims presented by McClure meet the exacting Martinez standard and provide "cause" to excuse this procedural default. Indeed, on this score we are constrained to observe that McClure's guilty plea in this case may well constitute a waiver of many of the claims which he now wishes to belatedly pursue since:

> It is well established that a criminal defendant's unconditional, knowing and voluntary plea of guilty waives all non-jurisdictional issues. Woodward v. United States, 426 F.2d 959, 964 (3d Cir. 1970); Abram v. United States, 398 F.2d 350 (3d Cir. 1968); see also Doggett v. United States, 505 U.S. 647, 658 n. 3, 112 S. Ct. 2686, 120 L.Ed.2d 520 (1992) (finding no waiver where defendant preserved right to appeal). "A guilty plea ... renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt and which do not stand in the way of conviction if factual

17

guilt is validly established." <u>Menna v. New York</u>, 423 U.S. 61, 62 n. 2, 96 S. Ct. 241, 46 L.Ed.2d 195 (1975). This includes "many of the most fundamental protections afforded by the Constitution," <u>United States v. Mezzanatto</u>, 513 U.S. 196, 201, 115 S. Ct. 797, 130 L.Ed.2d 697 (1995), such as the right to a jury trial, the right to confront and cross-examine witnesses, and the right against self-incrimination, <u>United States v. Khattak</u>, 273 F.3d 557, 561 (3d Cir. 2001) (quoting <u>Boykin v. Alabama</u>, 395 U.S. 238, 243, 89 S. Ct. 1709, 23 L.Ed.2d 274 (1969)).

<u>Washington v. Sobina</u>, 475 F.3d 162, 165 (3d Cir. 2007).

Simply put, McClure's current habeas corpus petition is plainly unexhausted, and McClure has neither pled, nor proven, that he is entitled to take advantage of any of the narrow exceptions to the exhaustion requirement otherwise mandated by statute. Therefore, this petition will be dismissed without prejudice to renewal when, and if, McClure fully exhausts these legal claims.

Finally, we have considered whether McClure is entitled to a certificate of appealability under 28 U.S.C. § 2253. As the Supreme Court observed "the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." <u>Slack v. McDaniel</u>, 529 U.S. 473, 484, (2000). Here, we conclude that McClure has made no such showing, nor can he in light of the clear evidence of his procedural default. Accordingly, a certificate of appealability will not issue in this case.

## IV. Conclusion

Accordingly, for the foregoing reasons, McClure's petition for a writ of habeas corpus in this case is DISMISSED as unexhausted without prejudice to renewal when and if McClure fully exhausts these legal claims and a certificate of appealability shall not issue.

An appropriate order follows.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge
